# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br><br>        Plaintiff,<br>vs.<br><br>Phyllis Russell, et al.,<br><br>        Defendants. | No. CV-15-0361-TUC-JAS (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court are a Motion to Dismiss filed by Defendants Phyllis Russell, Aindrea McCammon and Esperanza En Escalante (Doc. 6), and a Joinder and Motion to Dismiss filed by Defendant Michael Garcia (Doc. 7). Plaintiff Roy Warden has not responded to the Motions to Dismiss. Rather, Plaintiff filed a Motion to Amend his Complaint (Doc. 17) and a Motion to Remand (Doc. 15) this case to Pima County Superior Court.[1] The Defendants have responded to the motions (Docs. 22 & 23). For the reasons explained below, the Court recommends that the District Court grant Warden's Motion to Amend and remand this action to the Superior Court.

**I.     Relevant Background**

---

[1] Plaintiff also filed a Motion to Stay or for Extension to File Response to Motions to Dismiss (Doc. 16). In the Motion, Plaintiff requested that the Court extend the response deadline to the Defendants' pending Motions to Dismiss until after the Plaintiff's Motion to Remand (Doc. 15) and Motion to Amend (Doc. 17) were decided. The Court agreed that the remand and amendment motions should be resolved prior to the motions to dismiss and granted Plaintiff's extension request (Doc. 21).

In the original Complaint (Doc. 1-3), which was filed on July 15, 2015 in the Superior Court of the State of Arizona in Pima County (Case No: C20153232), Plaintiff alleged three causes of action against the Defendants: Breach of Contract; Conspiracy; and First Amendment Retaliation.  Based on the Plaintiff's claim that the Defendants had violated his free speech rights under the First Amendment of the United States Constitution, the Defendants timely removed this action to this Court on August 19, 2015 (Doc. 1).

Subsequent to removal, the Defendants filed their motions to dismiss (Docs. 6 & 7).  In their Motion to Dismiss, Defendants Phyllis Russell, Aindrea McCammon and Esperanza En Escalante argue that Plaintiff has not and cannot state causes of action against them for breach of contract, conspiracy or for a violation of his free speech rights (Doc. 6).  In his Joinder and Motion to Dismiss, Defendant Michael Garcia joins in the arguments of his co-defendants and adds additional argument in relation to all three of Plaintiff's claims (Doc. 7).

Rather than responding to the motions to dismiss, Plaintiff requested and was granted an extension to respond, and filed a Motion to Amend his complaint and a Motion for Remand.  In his Motion to Amend, Plaintiff agrees that his First Amendment claim is not viable.  He has attached a proposed Amended Complaint that does not include the First Amendment claim, but includes his breach of contract and conspiracy claims, and adds claims of promissory estoppel and intentional infliction of emotional distress (Doc. 17). In his remand motion, Plaintiff again states that his First Amendment claim is meritless, notes that it has been removed from the proposed Amended

Complaint, and requests that this matter be remanded to the Superior Court (Doc. 15).

**II.     Discussion**

      **A.     Motion to Amend**

A Plaintiff may amend his complaint as a matter of course within 21 days after the service of a motion to dismiss for failure to state a claim. Fed.R.Civ.P. 15(a)(1)(B). As the Defendants recognize, Plaintiff did not file his Motion to Amend until after the time period prescribed in Rule 15(a)(1)(B) had expired, but did file it within the extended time period stipulated to by the parties for the filing of the response to their motions to dismiss. In light of the timing of the filing of Plaintiff's Motion to Amend, and in recognition of the "extreme liberality" for allowing leave to amend under Fed.R.Civ.P. 15(a)(2), *see DCD Programs Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), the Defendants do not oppose the Motion to Amend. As such, the Court recommends that Plaintiff be permitted to file his proposed Amended Complaint.

      **B.     Motion to Remand**

In his Motion to Remand, Plaintiff stipulates that his First Amendment claim is without merit and requests it be dismissed. Because the Amended Complaint does not contain the First Amendment claim or any other federal claim, Plaintiff asks the Court to remand the case to state court. In response, Defendants state that if Plaintiff is allowed to amend, they do not oppose the Motion to Remand.

Although a plaintiff cannot compel remand by amending his complaint to eliminate the federal claims which provided the basis for removal, *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), when all the

federal claims are eliminated from an action, the federal court has the discretion to decline supplemental jurisdiction and remand the case to state court, *Harrell v. 20th Century Insurance, Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In exercising its discretion, a federal district court should consider the judicial economy, convenience, fairness, comity, and the potential for forum manipulation in relation to remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Consideration of these factors makes it "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205.

Because this case began in state court, that court is familiar with the claims. It is also equally convenient for the parties to litigate the action in State court, as both courts are located in Tucson, only blocks from one another. Finally, the Plaintiff in this case chose the state forum and dismissed his federal claim and moved for remand "with all due speed after removal." Under these circumstances, the Ninth Circuit has recognized that there is "nothing manipulative about that straightforward tactical decision." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Therefore, because the Defendants do not oppose remand, and it is otherwise justified, the Court recommends that the remaining state law claims be remanded to the Pima County Superior Court.

**III.    Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after an independent review of the record:

1.    **Deny without prejudice** the Motion to Dismiss filed by Defendants Phyllis Russell, Aindrea McCammon and Esperanza En Escalante (Doc. 6), and the Joinder and

Motion to Dismiss filed by Defendant Michael Garcia (Doc. 7);

2. **Grant** Plaintiff's Motion to Amend his Complaint (Doc. 17);

3. **Grant** Plaintiff's Motion to Remand (Doc. 15) this case to the Superior Court of the State of Arizona in and for the County of Pima.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CV 15-00361-TUC-JAS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 13th day of October, 2015.

Jacqueline M. Rateau
United States Magistrate Judge